a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HASSAN ALI #30380-057,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00880<br>SEC P |
| VERSUS | JUDGE DRELL |
| J F CARAWAY ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Transfer (ECF No. 39) filed by pro se Petitioner Hassan Ali ("Ali"). Ali is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary – Lee ("USP-Lee) in Jonesville, Virginia.

Because the Court lacks jurisdiction over the Petition, the Motion to Transfer (ECF No. 39) should be DENIED and the Petition (ECF No. 38) should be DISMISSED.

I. Background

Ali originally filed a civil Complaint alleging the violation of his constitutional rights. ECF No. 1. His motion for leave to proceed in forma pauperis was denied, and Ali was ordered to pay the filing fee for civil suits. ECF No. 12. Because Ali failed to timely pay the filing fee, the Complaint was stricken. ECF No 16.

Ali sought review of the denial of pauper status, but the District Judge denied his appeal. ECF No. 18. Ali then sought review in the United States Court of Appeals

for the Fifth Circuit. ECF No. 19. Ali's Motion to Proceed in Forma Pauperis on Appeal was denied, as was his Motion for Reconsideration. ECF Nos. 24, 25, 27.

The Fifth Circuit remanded the case for the limited purpose of letting the District Judge review the denial of pauper status and entering an order articulating reasons for the denial. ECF No. 31.

Ali then filed a Motion to Amend his Complaint to a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 32. The Court granted the motion, and Ali dismissed his appeal. ECF No. 34, 35.

Ali has now moved to transfer the case to the district court in Virginia, where he is incarcerated. ECF No. 39.

II. Law and Analysis

A § 2241 petition must be filed in the district of the prisoner's incarceration. *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Ali is not incarcerated in this District, nor was he incarcerated in this District when the original Complaint was filed in 2020. Thus, this Court lacks jurisdiction to consider Ali's § 2241 Petition. *See id.*; *see also Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) ("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].").

Ali asks that the Court transfer his Petition to Virginia. However, a district court lacking jurisdiction over a § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. *See Lee v. Wetzel*, 244 F.3d 370, 373–74

(5th Cir. 2001). Instead, the Fifth Circuit mandates that the district court dismiss the petition without prejudice, so that petitioner "may file the petition in the appropriate court if he desires." *Id.* at 375; *Ndudzi v. Castro*, No. 20-CV-0492, 2020 WL 3317107, at *8 (W.D. Tex. June 18, 2020); *Nunn v. United States*, 10-CV-953, 2011 WL 11505, at *2 (W.D. Tex. Jan. 3, 2011).

### III. Conclusion

Because this Court lacks jurisdiction over Ali's § 2241 Petition, IT IS RECOMMENDED that the Motion to Transfer (ECF No. 39) be DENIED and the Petition (ECF No. 38) be DISMISSED, WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Ali's claim, which he may pursue in the proper court.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, August 30, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE